IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELSIE SMITH, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BURLINGTON COAT FACTORY | : | |
| WAREHOUSE CORPORATION | : | NO. 10-1454 |

MEMORANDUM

Bartle, C.J.                                             August 27, 2010

Before the court is the motion of the plaintiffs, Elsie Smith and Emmett Smith, to amend the caption of this case pursuant to Rule 15 of the Federal Rules of Civil Procedure to name Burlington Coat Factory of Pennsylvania, LLC ("BCFP") as the proper defendant.

I.

On March 17, 2010, plaintiffs filed this personal injury lawsuit in the Court of Common Pleas of Philadelphia County against Burlington Coat Factory Warehouse Corporation ("BCFWC").  Plaintiff Elsie Smith alleges she tripped and fell on April 1, 2008 at the Burlington Coat Factory store located at 1001 Market Street in Philadelphia.  On April 1, 2010, BCFWC removed the action to this court based on diversity of citizenship.

Plaintiffs had named BCFWC as the defendant based on their review of the BCFWC website, which lists the store at 1001 Market Street as one of its locations.  Furthermore, the phone book listing and the signs outside of the store at the location

at issue simply identify it as Burlington Coat Factory.  During
discovery, BCFWC produced a copy of a lease showing that the
correct name of the entity operating the store is BCFP.

II.

Rule 15 governs amended and supplemental pleadings.  It
permits an amendment as a "matter of course" in certain instances
not applicable here.  However, a party may amend its pleading
with leave of court pursuant to Rule 15(a)(2).  Reasons for
denying a plaintiff's request for leave to amend a complaint
include prejudice to the nonmoving party, undue delay, bad faith
or dilatory motive, and futility.  Foman v. Davis, 371 U.S. 178
(1962).  Amending the complaint may be futile if the statute of
limitations would bar the claims asserted in the amended
pleading.  Here, the two-year statute of limitations for personal
injury actions in Pennsylvania ran on April 1, 2010 and the
plaintiffs filed their motion to amend the pleading to change the
party against whom their claims are asserted on July 20, 2010.
Thus, the only way the claims against BCFP can go forward is if
the amended pleading relates back to the date of the filing of
the original complaint.

Rule 15(c) of the Federal Rules of Civil Procedure
states:

>
> (1) *When an Amendment Relates Back.*  An
> amendment to a pleading relates back to the
> date of the original pleading when:
>
> (A) the law that provides the applicable
> statute of limitations allows relation back;

> (B) the amendment asserts a claim or defense
> that arose out of the conduct, transaction,
> or occurrence set out – or attempted to be
> set out – in the original pleading; or
>
> (C) the amendment changes the party or the
> naming of the party against whom a claim is
> asserted, if Rule 15(c)(1)(B) is satisfied
> and if, within the period provided by Rule
> 4(m) for serving the summons and complaint,
> the party to be brought in by amendment:
>
> (i) received such notice of the action that
> it will not be prejudiced in defending on the
> merits; and
>
> (ii) knew or should have known that the
> action would have been brought against it,
> but for a mistake concerning the proper
> party's identity.

Fed. R. Civ. P. 15(c).

Plaintiffs seek an amendment that changes the name of the party against whom their claims are asserted, and therefore Rule 15(c)(1)(C) governs.  Pursuant to that Rule, we must first determine whether Rule 15(c)(1)(B) is satisfied.  Defendants concede it is satisfied here because the amendment does not change the claims asserted in the original pleading.

Next, we must consider whether, within the period provided by Rule 4(m) for serving the summons and complaint, BCFP received notice of the action such that it will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.  The period provided by Rule 4(m) for serving the summons and complaint expired on

July 19, 2010, which is 120 days after the filing of the complaint on March 17, 2010.

Several documents submitted by the plaintiffs indicate that BCFP received notice of the accident and the lawsuit within this time period. The "Burlington Coat Factory General Liability Claims" form, which is dated April 1, 2008 – the day of the alleged slip and fall – sets forth the "Store Information," "Loss Information," and "Injured Information." It identifies Elsie Smith as a person allegedly injured on the premises. On April 2, 2008, Sharon Segars, a Claims Representative at GAB Robins North America, Inc., sent a letter to Elsie Smith stating that she was handling the matter on behalf of "Burlington Coat Factory." On August 29, 2008, Ms. Segars sent a letter to counsel for Elsie Smith stating that GAB Robins is the third party claims administrator for Burlington Coat Factory. It references a letter from plaintiffs' counsel stating that he is representing Elsie Smith. Additionally, BCFWC produced a copy of the lease entered into by BCFP for the store at 10th and Market Streets, which suggests a close relationship between the two entities. Based on these documents, we must conclude that BCFP was aware of this incident and the lawsuit prior to July 19, 2010 such that it will not be prejudiced in defending this claim on the merits. See Rule 15(c)(1)(C)(i). BCFP has not come forward with any evidence to the contrary.

Next, we must agree that BCFP knew or should have known that the action would have been brought against it, but for a

mistake concerning the proper party's identity.  <u>See</u> Rule
15(c)(1)(C)(ii).  BCFP, as the operator of the store in which the
plaintiff allegedly fell, surely should have known that the
action would have been brought against it but for the plaintiffs'
mistake concerning its identity.  The complaint seeks damages for
injuries allegedly sustained by Elsie Smith at their store on
Market Street.  Furthermore, BCFP contributed to the confusion
regarding its identity by failing properly to clearly identify
itself in the phone book, on the Burlington Coat Factory website,
and on the signs outside of its store.  This is not a situation
where the plaintiffs' conduct suggests that their failure to name
BCFP was the result of a "fully informed decision as opposed to a
mistake concerning the proper defendant's identity[.]"  <u>Krupski</u>
<u>v. Costa Crociere S.p.A.</u>, ____ U.S. ____, 130 S. Ct. 2485 (2010).

Accordingly, we will grant the motion of the plaintiffs
to amend the caption pursuant to Rule 15 of the Federal Rules of
Civil Procedure to name BCFP as the proper defendant.